NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

SQUIRE SHOPS, INC., Respondent.

No. 75–3067.

United States Court of Appeals, Ninth Circuit.

July 28, 1977.

As Amended August 8, 18, 1977.

John D. Burgoyne, Atty., N. L. R. B., Washington, D. C., argued for petitioner.

J. Markham Marshall, Preston, Thorgrimson, Ellis & Fletcher, Seattle, Wash., argued for respondent.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

SNEED, Circuit Judge.

The Board applies for enforcement of its order requiring Squire Shops to cease and desist from unfair labor practices, to reinstate with back pay a discharged employee, to recognize and bargain with the Union as the exclusive collective bargaining representative of the employees in the unit, to execute a contract it negotiated with the Union, to make whole the Union and unit employees for any losses suffered because of the refusal to execute the negotiated contract, and to post appropriate notices. The decision and order of the Board are reported at 218 NLRB No. 26. We grant enforcement.

The key factual findings upon which the Board's order rests are supported by substantial evidence on the record as a whole and will not be disturbed. *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The Board found that Squire Shops violated § 8(a)(1) of the Act by coercively interrogating an employee concerning his union activities, by threatening to discharge an employee because of his activity on behalf of the Union, by soliciting employee grievances and promising to remedy them after receiving notice of the Union's petition for certification, and by granting wage increases to members of the unit. The Board also found that the employer discharged employee Rider in retaliation for his Union activities and his testimony in favor of the Union at the Board hearing, thus violating §§ 8(a)(1), (3), and (4) of the Act. Further, the Board found that the employer had violated §§ 9(a)(1) and (5) of the Act by refusing to execute a collective bargaining agreement negotiated between representatives of management and the Union.

We believe substantial evidence supports the Board's findings of coercive interrogation, threats of discharge because of union activity, grievance solicitation, the granting of wage increases to discourage organizational activity, and the retaliatory discharge of employee Rider. Squire Shops, however, contests vigorously the Board's finding that it refused to execute a collective bargaining agreement it had negotiated with the Union. Moreover, Squire Shops insists that the Board's bargaining order is not supported by findings made necessary by *N.L. R.B. v. Gissell Packing Company, Inc.*, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969).

Squire Shops' position is based on the contentions that it entered into no collective bargaining with the Union which led to a contract, but rather merely explored settlement possibilities with an adversary in litigation, and that there was no showing that its unfair labor practices, if any, deprived the Union of a majority or that lesser remedies would not overcome the impact of any such previous unfair labor practices.

There is substantial evidence to support the Board's view of the facts. Such evidence supports the finding that the Union obtained a majority and that authorized representatives of the parties agreed to a collective bargaining agreement on July 9, 1974. During the summer of 1974 Squire Shops indicated it was prepared to execute the agreement. Its refusal to execute the agreement in September, 1974 on the ground that it now doubted that the Union procured a majority strongly suggests delaying tactics the remedy for which the Board's order to bargain and to execute the June agreement is entirely appropriate.

ENFORCEMENT GRANTED.